**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

VS. CASE NO: 3:25-cr-171-WWB-MCR

BRYAN STEVEN ETHERIDGE
_________________________________/

**ORDER**

THIS CAUSE is before the Court on Defendant's Motion in Limine to Exclude Irrelevant Evidence, Including Past Acts Under Federal Rule of Evidence 403 (Doc. 39) and the Government's Response in Opposition (Doc. 42).

Defendant, Bryan Steven Etheridge, was charged by Indictment (Doc. 1) on August 7, 2025, with one count of making a false statement to a federally-licensed firearms dealer in violation of 18 U.S.C. § 924(a)(1)(A). Specifically, the Indictment alleges that Defendant falsely stated that he was not subject to a court order restraining him from harassing, stalking, or threatening an intimate partner on the Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 ("**Form 4473**") when he was in fact subject to a Final Judgment of Injunction for Protection Against Domestic Violence with Minor Children, issued by the Circuit Court of the Eighth Judicial Circuit in and for Gilchrist County, Florida on February 27, 2024. (*Id.* at 1–2).

Defendant does not dispute that the Government may introduce the written order imposing the injunction, two written orders denying the subsequent requests to have the injunction dismissed, and any relevant verbal orders contained within the hearing transcripts. (Doc. 39 at 4). Defendant argues, however, that the largely unredacted transcripts from the hearings regarding the underlying injunction—including the factual

details leading to the granting of the injunction—are not relevant and, to the extent they are, the probative value of such evidence is substantially outweighed by the risk of unfair prejudice, confusing the issues, and misleading the jury. In response, the Government argues that because the jury will already know that Defendant was accused of domestic violence, any prejudice caused by the disputed content of the transcripts would not outweigh its value in giving the jury context regarding Defendant's knowledge and the evidence is inextricably intertwined with the crime charged in this case.

"A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." *Stewart v. Hooters of Am., Inc.*, No. 8:04-cv-40-T, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010) (quotation omitted). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id.* Pursuant to Federal Rule of Evidence 402, "[i]rrelevant evidence is not admissible." Pursuant to Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The Government intends to introduce transcripts from February 27, 2024, March 25, 2025, and April 15, 2025, related to the underlying state court proceedings on the injunction. Although the Government has proposed limited redactions, Defendant argues for significantly greater redactions—although he does not seek full exclusion of the

transcripts. Due to the voluminous nature of the transcripts, Defendant sent electronic copies to the Court but did not file the transcripts on the record.[1]

First, Defendant argues that the contents of the transcripts he seeks to omit are not relevant. Pursuant to Rule 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Here, the Government must prove that Defendant knew that the order issued by the state court restrained him "from harassing, stalking, or threatening an intimate partner." 18 U.S.C. § 922(g)(8); *see* 18 U.S.C. § 924(a)(1)(A). The allegations made by the petitioner at the February 27, 2025 hearing and the Judge's comments regarding the nature and history of the alleged abuse are relevant to determining that Defendant was aware of the nature and purpose of the order against him. *See United States v. Green*, 158 F.4th 1347, 1370 (11th Cir. 2025) ("[T]o pass Rule 401's relevancy test, a single relevant inference suffices, even if that inference is not the best one or most likely one." (quotation omitted)). Accordingly, the Court finds that such evidence is relevant, and it will not be excluded pursuant to Rule 402.

Nevertheless, the Court agrees with Defendant that the Judge's statements regarding the petitioner's presence at the February 27, 2024 hearing, the court's statements regarding the duration of the alleged abuse and the reasons that the petitioner failed to seek relief sooner, the reasons that neither party has sought divorce, the reasons either party sought to have the injunction dismissed, and the court's general statements

[1] The Court notes that the February 27, 2024 Transcript is erroneously dated February 27, 2025. To avoid confusion, the date must be redacted on page one. Additionally, the Government failed to redact the names of the minor children on the cover page of the transcripts. Before any transcript is offered at trail, the names of the minor children must be properly redacted.

and admonishments to the petitioner regarding her conduct are not relevant to proving Defendant's knowledge of being subject to an order restraining him from harassing, stalking, or threatening an intimate partner, or to making any other fact at issue in this case more or less probable. Therefore, such testimony will be excluded.

Turning to Rule 403, with respect to the nature and circumstances of the underlying conduct reported to the state court, Defendant directs the Court to cases regarding felons-in-possession of weapons. There, as Defendant points out and similar to the proof required in this case, the Government is required to prove that an individual charged with possession of a firearm by convicted felon must know that he is a convicted felon. *See United States v. Clark*, 32 F.4th 1080, 1090–91 (11th Cir. 2022). Courts have found that in such cases Rule 403 may limit evidence of the nature and circumstances of the underlying felony, because such facts are not particularly probative to the defendant's knowledge that the crime was in fact a felony and may incite the jury to punish the defendant simply because he or she is a bad person. *See id.* at 1091–92; *Old Chief v. United States*, 519 U.S. 172, 180–81, 190–91 (1997). While the Court acknowledges that the facts leading to the granting of the injunction underlying this case are more probative of Defendant's knowledge regarding his status than would be in a felon-in-possession case, the Court does not find the circumstances to vary so greatly that the Government may simply offer the nature and circumstances of the underlying offense without limitation. The Government has redacted the more egregious allegations contained within the transcripts. But, because the underlying injunction will be admitted without Defendant's objection, and because it provides sufficient context regarding the nature of the order, the Court does not find that including testimony regarding the alleged

underlying violence is proper. To be clear, while it might be relevant to Defendant's knowledge, the alleged actions alone have limited probative value, and any such value would be significantly outweighed by prejudice to Defendant. He is not on trial, in this case, for domestic violence. To offer evidence regarding the nature of the alleged violence would therefore confuse the issues and likely inflame the jury. Accordingly, such evidence will be excluded. To the extent Defendant opens the door at trial, however, the Government may seek admission. Lastly, the Court agrees that Defendant's election to invoke his Fifth Amendment right is both unduly prejudicial and would confuse the issues.

Therefore, the Government may offer the contents of the transcripts to the extent that they establish that Defendant was present at the hearings, set forth the judge's determination that an injunction will be entered or that a request to dismiss the injunction will be denied, include the judge's statements regarding the terms and restrictions of the injunction that will be issued or continued, and set forth Defendant's statements of understanding regarding the contents and duration of the injunction. In all other respects, the contents of the transcripts will be excluded.

Accordingly, it is **ORDERED** and **ADJUDGED** that Defendant's Motion in Limine to Exclude Irrelevant Evidence, Including Past Acts Under Federal Rule of Evidence 403 (Doc. 39) is **GRANTED in part** as set forth in this Order and **DENIED** in all other respects.

**DONE AND ORDERED** in Jacksonville, Florida on August 3, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record